FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

JAN 09 2007 PM 02:59

W. YVONNE EVANS,
CLERK

BY:_____
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| AEROSOL PACKAGING, LLC ) | |
| A Georgia limited liability company, ) | CASE NO. 06-67096-MHM |
| d/b/a AEROSOL SPECIALTIES, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**DEBTOR'S SUPPLEMENTAL RESPONSE
MEMORANDUM IN AID OF CONFIRMATION OF THE REVISED
SECOND AMENDED PLAN OF REORGANIZATION**

COMES NOW, Aerosol Packaging, LLC (the "Debtor"), and files its Supplemental Response Memorandum in Aid of Confirmation of the Revised Second Amended Plan of Reorganization (the "Supplemental Response"). In support of Debtor's Supplemental Response, Debtor shows the Court as follows:

1.

On December 22, 2006, the Court announced at the hearing on confirmation of the Plan that the Plan was confirmed but specifically left unresolved the scope of Sections 4.3 and 11.10 of the Plan and the effect of releases provided therein against non-debtor third parties, and requested that Debtor, Blue Ridge, Geneva and any other interested party file briefs on the issues by January 2, 2007, with responsive briefs thereto due by January 9, 2007. A hearing on the issues has been set by the Court for January 17, 2007 at 10:0 a.m.

2.

On January 2, 2007, Debtor, Blue Ridge Investors II, LP ("Blue Ridge"), Geneva Associates Merchant Banking Partners, I, LLC ("Geneva"), the Official Committee of Unsecured Creditors (the "Committee"), and Harbert Private Equity Fund, II, LLC ("Harbert"), each filed a post-hearing memorandum on the issues before the Court. Misty Spray, LLC ("Misty Spray") filed an objection to confirmation premised, among other things, that the exculpation provision included in Section 11.10 of the Plan should be stricken as unenforceable. Misty Spray did not file a responsive memorandum on the issue.

3.

Debtor stands by its original response and position with respect to the release provision provided in Section 4.3 of the Plan and states that for the reasons previously noted, the ~~release~~ provision to release non-debtor third parties from the claims of Blue Ridge is not only enforceable and appropriate, but necessary to assure that the Plan is consummated. This Supplemental Response addresses the issues raised by Blue Ridge and Geneva in their initial responses to the enforceability of the exculpation provision.

4.

For ease of reference Debtor sets forth the exculpation provision as written in Section 11.10 of the Plan, which is as follows:

> **11.10. Exculpation.** On and as of the Effective Date, none of Debtor, Buyer, Harbert, or the Disbursing Agent, or the present or former directors, managers, members, officers, employees, agents, advisors, attorneys, professional persons and representatives of each of the foregoing, shall have or incur any liability to any Person for any act or omission in connection with or arising out of their participation in the formulation, confirmation, consummation, and/or

administration of the Plan or the property to be distributed under the Plan except if such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, and in all respects, each of such Persons listed above in this Section 11.10 shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and shall be fully protected in acting or in refraining from action in accordance with such advice.

5.

First it should be pointed out that Blue Ridge is attempting to give a contorted interpretation of the exculpation provision by rewriting the provision to suit its argument. By doing so, Blue Ridge claims that the provision absolves the relevant parties from liability "for any act or omission with or arising out of…the property to be distributed under the Revised Plan." Blue Ridge then concludes that such parties are exculpated from any claim "in connection with" any asset of the Debtor. Such a biased interpretation goes well beyond the clear language of the provision which clearly states that the exculpated parties shall not "… have or incur any liability to any Person for any act or omission <u>in connection with or arising out of their participation in the formulation, confirmation, consummation, and/or administration of the Plan or the property to be distributed under the Plan</u> except if such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct…" (emphasis supplied). Clearly the scope of the provision is not as broad as Blue Ridge is attempting to claim.

6.

The above proposed exculpation provision is virtually indistinguishable from that identified and described in both *In re Winn-Dixie Stores, Inc.*, 2006 WL 3354033 (Bankr. M.D.Fla. 2006) and *In re Friedman's Inc.*, 2005 WL 4927681 (Bankr. S.D.Ga. 2005), recent United States Bankruptcy Court Findings of Fact and Conclusions of Law issued within the 11th Circuit.

7.

Similar to the Court's reasoning in *Winn-Dixie*, the instant exculpation provision (1) was specifically discussed by Harbert and Debtor; (2) was specifically incorporated into the Plan; (3) was a key element of the Plan; and (4) was understood by key players and parties to be included as part of Plan before the performance of substantial work and significant contribution. (See Responsive brief filed by Harbert).

8.

The excepted conduct from exculpation, gross negligence or willful misconduct, covers all of the excepted conduct which was accepted by the Courts in *Winn-Dixie* and *Friedman's*, and by description would obviously include fraud and/or criminal conduct. The excepted parties, which include Debtor and Debtor's professionals, are also indistinguishable from those parties routinely exculpated by these Plan provisions. Blue Ridge states no valid reason why any of the parties exculpated should be excepted from the exculpation provisions.

9.

Blue Ridge also claims that there should be a temporal limitation on the exculpation provision for any acts that occurred after the petition date. As justification, Blue Ridge asserts that the exculpation provision would prevent a counter-claim in the pending adversary proceeding that Debtor filed against Blue Ridge and others in this case with respect to conduct of Debtor post-petition relating to the formulation of the Plan and its ultimate confirmation. Any attempts by Blue Ridge to raise such allegations goes contrary to the findings by the Court that the Plan was confirmed. In such a ruling, the Court by necessity had to find that Debtor acted in good faith with regard to the formulation of the Plan and its solicitation of creditors, and that the

Plan and Debtor do not violate the Bankruptcy Code. This Court further denied the motions that were filed by the Committee in which the Committee was seeking to establish bidding procedures and a continuance of the confirmation hearing. It is for the potential claims that Blue Ridge is now espousing that the exculpation provisions are even more pressing. Debtor, Harbert, their officers and directors do not wish to proceed to consummate the Plan if Blue Ridge is entitled to raise these spurious claims against them after the Plan is consummated.

10.

Further, the temporal application of the exculpatory clause is identical to that of *Winn-Dixie* exculpation provision which "applie[d] to the period between the filing date and the emergence date." *See In re Winn-Dixie, at n. 18.*

11.

In contrast to the valid and just reasons presented by Debtor, Blue Ridge provides no authority whatsoever arising from any court within the 11th Circuit other than a reference that the Order in *Friedman's* did not repeat the exact language of the subject exculpation clause. Accordingly, Blue Ridge's suggestion that this court must now "narrowly tailor" language which has already been accepted within the bankruptcy courts of the 11th Circuit, relying on less recent cases all outside our jurisdiction, is not compelling.

## CONCLUSION

For all of the above foregoing reasons and those set forth in its original response, Debtor respectfully requests that this Court deny the Objections and permit the enforcement of the third party releases and exculpation clauses as provided in the Plan.

Respectfully submitted this 9th day of January 2007.

                JAMPOL, SCHLEICHER, JACOBS
                & PAPADAKIS, LLP

        By: _____
                Brian L. Schleicher
                Georgia Bar 629321

11625 Rainwater Drive, Suite 350
Alpharetta, Georgia 30004
Telephone: (770) 667-1290
Facsimile: (770) 667-1690

Counsel for Aerosol Packaging, LLC